# NEIL L. FUHRER & ASSOC. LLP

ATTORNEYS AT LAW

750 THIRD AVENUE, NEW YORK, N.Y. 10017

NEIL L. FUHRER (N.Y. & PA. BAR)

(212) 681-7888
FACSIMILE: (212) 681-6536

August 2, 2010

Hon. Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Government Employees Insurance Co., et al. v. Michael D. Green, et al.*
           10-CV-2671 (SLT) (CLP)

Your Honor

    We represent who the Complaint refers to as the "Management Defendants:" Imaging Associates of Five Boroughs, L.L.C., Five County Imaging Holdings, L.L.C. and Asaf Yevdayev. Pursuant to Your Honor's Rules, we are requesting leave to file a motion to dismiss the RICO claims against the Management Defendants pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, to compel the plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co. and GEICO Casualty Co. (collectively, "GEICO"), to re-plead those claims so as to bring them in compliance with Fed. R. Civ. P. 9(b). Our Local Civil Rule 56.1 Statement is attached.

    The Complaint sets forth eleven claims (denominated "causes of action"), all but the First, Tenth and Eleventh of which name our clients. Our motion will focus on the four RICO claims: the Second and Sixth Causes of Action are RICO claims under 18 U.S.C. § 1962(c); the Third and Seventh Causes of Action are RICO conspiracy claims under 18 U.S.C. § 1962(d). But the non-RICO claims are certain to be implicated as well.

    We contend that all four RICO claims are comprised of broad, conclusory statements and not substantive facts, and thus do not meet the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), or, particular to RICO actions alleging fraud, the requisites of Fed. R. Civ. P. 9(b). In *Miller v. City of New York*, 2007 WL 1062505 (E.D.N.Y. 2007), Judge Johnson gives an incisive presentation of the requirements involved in pleading a civil RICO case. First,

> the requirements of section 1962(c) must be established as to each individual defendant. *See United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987), *cert.*

Hon. Sandra L. Townes
U.S. District Court, E.D.N.Y.
August 2, 2010
2

> *denied*, 486 U.S. 1022 (1988) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of members of the enterprise, which are proscribed by section 1962(d).")

WL 1062505*2. Then, when the basis of the RICO claim is predicate acts that include fraud,

> the pleading of those predicate acts must satisfy the particularity requirement of [Rule 9{b}] . . . [which] provides that "[i]n all averments of fraud or mistake, the circumstances of constituting fraud or mistake shall be stated with particularity. . . Allegations of fraud must therefore specify the fraudulent statement, the time, the place, the speaker, and content of the alleged misrepresentations, and factual circumstances giving rise to a "strong inference" that the defendant had the requisite fraudulent intent. Specifically, the complaint must allege "(1) specific facts; (2) sources that support the alleged facts; and (3) a basis from which an inference of fraud may fairly be drawn." *Crystal v. Foy*, 562 F. Supp 422, 425 (S.D.N.Y. 1983).

*Id.* (citations omitted). Finally, to establish mail fraud, for each defendant, "each of [the following] elements must be made out by allegations that meet the Rule 9(b) standard for sufficient particularity:"

> . . . the defendant (1) participated in a scheme to defraud; (2) knowingly used the mails to further the scheme; and (3) had the requisite specific intent to defraud. *See United States v. Rodolitz*, 786 F.2d 77, 80 (2d Cir.), *cert. denied*, 479 U.S. 826 (1986).

GEICO has failed to meet the pleading requirements of Rule 9(b) to establish claims against the Management Defendants under § 1962(c), requiring dismissal of the § 1962(c) claims. Further, as we intend to demonstrate on the motion to dismiss, the RICO conspiracy claims under § 1962(d) suffer from the same defect in pleading.

The "substance" of GEICO's RICO claims is that the "PC Defendants," Vista Medical Diagnostic Imaging, P.C. and Total Global Medical, P.C., deceived the plaintiffs in order to recover no-fault benefits assigned to them by no-fault radiology patients. The "fraud" is that the claims forms submitted by the PC Defendants, which were prepared on their behalf by the Management Defendants, falsely implied that the PC Defendants are validly constituted health care providers entitled to recover no-fault benefits, when, in fact, non-medical persons, the Management Defendants, in reality "own" and control the PC Defendants (Complaint, ¶¶ 1, 4, *passim*), in violation of N.Y. Bus. Corp. Law §§ 1507, 1508.

Hon. Sandra L. Townes
U.S. District Court, E.D.N.Y.
August 2, 2010
3

GEICO is alleging what has become known in the industry as a "*Mallela* violation," after *State Farm Insurance Co. v. Mallela*, 4 N.Y.3d 313, 794 N.Y.S.2d 700 (2005). *Mallela* began in this Court and arrived in the N.Y. Court of Appeals via a Certified Question from the Second Circuit (372 F.3d 500 [2d Cir. 2004]). The question was whether

> "a medical corporation that was fraudulently incorporated under N.Y. Bus. Corp. L. §§ 1507, 1508, and N.Y. Education L. § 6507(4)(c) [is] entitled to be reimbursed by insurers under [the N.Y. No-Fault Law] and its implementing regulations for medical services provided by licensed medical practitioners."

4 N.Y.2d at 320, 794 N.Y.S.2d at 702, quoting 372 F.3d at 510.

There was no allegation in *Mallela*, as there is none here, that the medical services for which the PC Defendants received reimbursement from GEICO and the medical services for which claims were submitted but not yet paid were not actually provided or were unnecessary or otherwise improper. *Mallela* was decided on a regulation of the Superintendent of Insurance, 11 NYCRR 65-3.16(a)(12), which states that "[a] provider of health care services is not eligible for reimbursement under [the No-Fault Law] if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York." The N.Y. Court of Appeals interpreted that regulation so as to answer the Certified Question in the negative: a "fraudulently incorporated" medical PC is not entitled to be reimbursed for medical services even where the services have been provided by licensed medical practitioners. But the Court never said that an insurance company can recover monies on claims already paid to the medical P.C.'s under a theory of fraud or of unjust enrichment. It expressly declined to answer that question. 4 N.Y.2d at 322, 794 N.Y.S.2d at 703.

As it will be addressed to the "substance" of the RICO claims, the basis of our motion is elucidated by an analysis of GEICO's unjust enrichment claims, the Fifth (against Dr. Beinart, Total Global and the Management Defendants) and the Eighth (against Dr. Green, Vista and the Management Defendants). In neither does GEICO allege that the defendants were unjustly enriched because GEICO had to pay for No-Fault Benefits for services that were never performed or for which GEICO was overcharged. Instead, GEICO alleges that defendants were unjustly enriched because GEICO "reasonably believed that it was legally obligated to make such payments . . ." (Complaint, ¶¶ 113, 142).

To recover in unjust enrichment under New York law, "a plaintiff must prove that the defendant was enriched, that such enrichment was at plaintiff's expense, and that the circumstances were such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Dolmetta v. Uintah National Corp.*, 712 F.2d 15, 20 (2d Cir. 1983). Unjust

Hon. Sandra L. Townes
U.S. District Court, E.D.N.Y.
August 2, 2010
4

enrichment will be found where the defendant received services from the plaintiff "under circumstances which, in justice, preclude him from denying an obligation to pay for them." *Bradkin v. Leverton*, 26 N.Y.2d 192, 197, 309 N.Y.S.2d 192, 196 (1970).

Besides demonstrating that the Management Defendants, and not Drs. Beinart and Green and the PC Defendants, were the ones "enriched," it is one thing to say that the defendants were unjustly enriched because they received payment for services that they never actually performed; it is quite another to say that they were unjustly enriched because an agency has decided that they are not "eligible" to receive payment for services that they actually did perform. The latter turns equity on its head. Invoking the N.Y. Superintendent of Insurance's interpretation of the technical requirements for eligibility to avoid paying for services that were actually rendered is the opposite of equity. It is GEICO who in seeking to avoid paying the pending claims (First Cause of Action) will be unjustly enriched at the PC Defendants' expense.

The unjust enrichment claims are a guidepost to the substantive grounds of our clients' motion to dismiss the RICO claims. We contend that GEICO cannot show that it has been "injured in [its] business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c), *see Pinnacle Consultants, Ltd. v. Leucadia* 101 F.3d 900, 904 (2d Cir. 1996). In the first place, as mentioned above, the N.Y. Court of Appeals declined in *Mallela* to determine whether an insurance company could recover claims paid to providers who were not entitled under 11 NYCRR § 65-3.16(a)(12) to obtain reimbursement. 4 N.Y.2d at 322, 794 N.Y.S.2d at 703. Second, does it injure GEICO in its business to have paid a provider for services that were actually rendered, even though the provider is not "eligible for reimbursement" under 11 NYCRR § 65-3.16(a)(12)? Again, it is one thing to say that an insurer does not have to pay for medical services actually provided; it is another to say, as this regulation does, that the health care provider is "not eligible for reimbursement." Is "ineligibility" the type of conduct that as harsh a statute as RICO is intended to punish? Is it intended to provide a plaintiff such as GEICO, which, if it succeeds on its First Cause of Action, will already be exonerated from paying for services that it obtained, with the additional windfall of treble damages also for services that it actually obtained? The Management Defendants contend that the RICO statute, which is punitive in nature, was not intended to punish the conduct alleged in this case.

Respectfully,

Robert Fierman
Of Counsel