

WWW.RIVKINRADLER.COM

BARRY I. LEVY
PARTNER
(516) 357-3149
barry.levy@rivkin.com

June 24, 2011

**By ECF**
Honorable Robert M. Levy
United States Magistrate-Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Government Employees Insurance Co. et al. v. One of the Best, Inc. et al.**
**Docket No. CV 10-4287 (NGG)(RML)**
**Our File No.: 005100-00003**

Dear Magistrate Judge Levy:

As Your Honor is aware, we are counsel to Plaintiffs in this matter.

I write to request a further conference with the Court for the purposes of attempting to resolve certain outstanding issues relating to the settlement of this Action. The issues bear directly on the ability to resolve this case as well as GEICO's claims against Defendants, Rapuzzi, Palumbo & Rosenberger and Patricia Rapuzzi (the "RPR Defendants") in the action entitled Government Employees Ins. Co., et al. v. Green, et al., CV 10-2671 (SLT)(CLP). As such, I am filing this letter via ECF under that docket number as well to update Judge Townes and Magistrate-Judge Pollak regarding this matter as it was also represented in a joint letter to the Court that the claims against the RPR Defendants in that matter were settled.

As the Court is aware from the conferences held before Your Honor, GEICO reached a settlement in principal with the DME Defendants prior to the last settlement conference but was unable to resolve the issues with the RPR Defendants. Subsequent to the conference, GEICO and the RPR Defendants elected to proceed to private mediation before Eugene Farber, Esq.. That mediation was held on May 9, 2011. A settlement was reached with Mr. Farber's assistance, and a settlement agreement was prepared reflecting the agreed upon terms which was to be signed that day. Mr. Blodnick assured both Mr. Farber and our firm (in the presence of our clients) that there was an agreement, and requested that he be given a couple of days to allow his partner, Mathew Conroy, Esq. to look over the agreement. Based on these assurances, Mr. Farber concluded the mediation without having the agreement signed by the RPR Defendants, and I wrote to both Judge Garaufis and to Judge Townes (with the consent of counsel for

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555 F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495




---

the RPR Defendants as well as the DME Retail Defendants) on May 13, 2011 advising that (i) a settlement had been reached, and (ii) that we were in the process of memorializing the terms.

Unfortunately, the representations made by RPR's counsel regarding his clients' intention to execute the settlement agreement have not proven to be true. In fact, the last six (6) weeks have proven to be an exercise in gamesmanship on their part. For example, since May 13, 2011, we have received no less than three (3) sets of proposed changes from Mr. Blodnick, in each instance seeking to (i) modify terms that had been agreed upon at mediation, and (ii) add terms that were never discussed at mediation. We have made reasonable efforts to accommodate the proposed changes over the past six (6) weeks where our client believed them to be justified, and sent what we believed to be a final document to Mr. Blodnick by e-mail for signature by the RPR Defendants on June 20, 2011. On Wednesday morning, June 22, 2011, I called Mr. Blodnick because he had not responded to my June 20, 2011 communication. He advised me that he had just received a new series of proposed changes from Ms. Rapuzzi (apparently he had not spoken with her during the 6 weeks that we had been negotiating the earlier proposed revisions) and indicated that he would forward them to us for review as soon as his assistant arrived.

We never received anything from Mr. Blodnick. We did receive a decision from Judge Driscoll on the afternoon of June 23, 2011 in the lawsuit filed by Mr. Blodnick's firm against GEICO myself and my law firm, among others, dismissing the complaint with prejudice. A copy of the decision is attached as Exhibit "1" to this letter.

At approximately 4:00 p.m. yesterday afternoon, I received an e-mail from Mr. Blodnick's associate, Steven Talan, with a proposed letter to the Court seeking an extension to finalize the settlement agreement and to file a stipulation of dismissal. (A copy of the e-mail is attached as Exhibit "2"). I was in my car when the e-mail was received and was unable to read the attachment. When I did, which was about an hour later, I noted that they were seeking a 60 day extension and immediately responded, indicating that we would consent to an extension but only for 15 days. (A copy of the e-mail is attached as Exhibit "3"). From our perspective, the request for a 60 day extension to conclude the settlement was unwarranted considering the history to date and was nothing more than a stall tactic as a result of Judge Driscoll's decision. I received an e-mail from Tom Fazio, Esq. in response 12 minutes later stating "Barry- After discussing it we have changed our mind and no longer desire to file the letter. Thank you for your time." (A copy of the e-mail is attached as Exhibit "4").

The conduct by the RPR Defendants and their counsel in this matter is truly beyond comment. We believe that the Court's assistance is necessary in order to get the matter settled. We would request that

RIVKIN RADLER LLP
ATTORNEYS AT LAW

---

the Court suspend its pending order requiring the filing of a stipulation of dismissal and set the matter down for an immediate conference.

The Court's attention to this request is appreciated.

Respectfully submitted,

RIVKIN RADLER LLP

Barry Levy

BIL/lg

cc: Honorable Nicholas G. Garaufis (by ECF)
Honorable Sandra L. Townes (by ECF)
Honorable Cheryl L. Pollak (by ECF)

All counsel or record (via ECF)

Eugene Farber, Esq. – Mediator (by facsimile)
(914) 761-0747