UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GOVERNMENT EMPLOYEES
INSURANCE CO., et al.

Plaintiffs,

**MEMORANDUM
& ORDER**

- against -

10 CV 2671 (SLT)

MICHAEL D. GREEN, et al.,

Defendants.
-----------------------------------------------------X

On June 11, 2010, plaintiffs Government Employees Insurance Co., GEICO Indemnity

Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO" or

"plaintiffs") filed this action seeking damages related to an alleged fraudulent scheme conducted

by defendants Dr. Michael D. Green ("Green"), Dr. Clifford Beinart ("Beinart"), Vista Medical

Diagnostic Imaging, P.C. ("Vista"), Total Global Medical, P.C. ("Total Global"), Rapuzzi,

Palumbo & Rosenberger, P.C. ("Rosenberger"), Patricia Rapuzzi ("Rapuzzi"),[1] and Danny

Montanez ("Montanez"),[2] as well as defendants Asaf Yevdayev ("Yevdayev"), Imaging

Associates of Five Boroughs, LLC ("Imaging Associates"), and Five County Imaging Holdings,

LLC ("Five County") (collectively, the "Management Defendants").

On July 12, 2010, the Management Defendants appeared by counsel and filed an Answer

in the action. On October 4, 2011, this Court held an initial conference in the case, at which time

counsel for the Management Defendants indicated an intent to move to withdraw as counsel.

---

[1]The claims against the defendants Green, Beinart, Vista and Total Global were resolved
as of October 20, 2010, and the claims against defendants Rapuzzi, Palumbo & Rosenberger, and
Patricia Rapuzzi were dismissed as of October 31, 2011.

[2]Defendant Montanez appeared by counsel on July 21, 2010 and filed his Answer on
November 30, 2010.

That motion was subsequently filed on October 17, 2011 and at the subsequent hearing held on December 1, 2011, this Court granted counsel's motion to withdraw. Defendants were given 30 days to find new counsel.

On January 25, 2012, a status conference was held before this Court. Although defendants had been given time to find new counsel, they failed to appear for the conference and no attorney filed a notice of appearance on their behalf. The Court nevertheless entered a discovery schedule and directed the plaintiff to serve discovery requests by February 3, 2012, with responses due March 19, 2012. The Court explicitly warned in its Order that a failure to provide discovery might result in the striking of defendants' answers and entry of default.

Currently before this Court is plaintiffs' letter motion, dated April 10, 2012, seeking to compel the Management Defendants[3] to produce "full and complete responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents." (Pls.' Let.[4] at 1). With respect to defendant Five County, plaintiffs attempted to serve their discovery requests on Five County on February 17, 2012, at the address that it listed for service of process with the New York Department of State, but the papers were returned as "undeliverable." Plaintiffs contend that Five County appears to have "vacated its former address, left no forwarding address, and. . .failed to advise the Secretary of State of its move." (Id.) Nor has Five County contacted this Court to inform the court of a change in address.

With respect to the other Management Defendants, plaintiffs served their discovery

---

[3]Defendant Montanez submitted his replies to plaintiff's first set of interrogatories and first request for production of documents on April 11, 2012.

[4]Citations to "Pls.' Let." refer to the letter submitted by plaintiffs on April 10, 2012.

2

requests also on February 17, 2012, at the business address for Imaging Associates, which is owned by defendant Yevdayev, and at Yevdayev's last known home address. Those requests were not returned. (Id.) Plaintiffs argue that Five County and the other Management Defendants are aware of plaintiffs' discovery requests and are evading them. (Id. at 2). Accordingly, plaintiffs contend that given that Yevdayev "owns and controls Five County, and considering that the Management Defendants have failed to appear in this action with new counsel as ordered by the Court on December 1, 2011," the Court should Order defendants to respond to plaintiffs' discovery requests. (Id. at 2).

Having reviewed the record and having received no response to the plaintiffs' letter, the Court hereby ORDERS the Management Defendants to provide plaintiffs with complete answers to their discovery requests by May 11, 2012. If the Management Defendants fail to respond, this Court will respectfully recommend that their answers be stricken and that the district court enter a default judgment against them.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing ("ECF") system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 23, 2012

                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York