UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Government Employees Insurance Co., et al.,

                Plaintiffs,

- against -

M.D. Michael D. Green,

                Defendants.
------------------------------------------------------------X

**ORDER**
~~13-cv-3172 (SLT) (CLP)~~
10 CV 2671 (SCT)

**TOWNES, United States District Judge,**

Plaintiffs Government Employees Insurance Co., Geico Indemnity Co., Geico General Insurance Company, and Geico Casualty Co., (collectively, "GEICO"), bring the present action seeking damages related to an alleged fraudulent scheme conducted by defendants M.D. Michael D. Green, M.D. Clifford Beinart, Vista Medical Diagnostic Imaging, P.C., Total Global Medical, P.C., Imaging Associates of Five Boroughs, L.L.C., Five County Imaging Holdings, L.L.C., Asaf Yevdayev, Rapuzzi, Palumbo & Rosenberger, P.C. and Patricia Rapuzzi.

Defendants (1) Yevdayev, (2) Imaging Associates of Five Boroughs, L.L.C., and (3) Five County Imaging Holdings, L.L.C., (collectively, "Instant Defendants"), failed to respond and, on June 12, 2012, GEICO moved for a default judgment against them. A district court may designate a Magistrate Judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). On June 21, 2012, this Court referred the motion for a default judgment to Magistrate Judge Pollak, who issued a report and recommendation dated November 7, 2012. Within fourteen days of service of the recommendation, any party may file written objections to the Magistrate Judge's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or

reject the recommendations. *See id.* The Court is not required to review the factual or legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

In this case, Magistrate Judge Pollak recommended that GEICO's motion for a default judgment should be granted. No objections were timely filed with this Court. Magistrate Judge Pollak recommended that default judgment in favor of GEICO be entered in the amount of $1,261,697.40 in damages ($420,565.80 in compensatory damages, trebled under RICO, 18 U.S.C. § 1964), and $118,584.42 in pre-judgment interest calculated through June 30, 2012, totaling $1,380,281.82. Magistrate Judge Pollak also recommended that GEICO be awarded an additional amount of prejudgment interest, calculated at a non-compounded rate of 9% per annum, for the period from June 30, 2012 to the date of judgment. Thus, in addition to $1,380,281.82, GEICO is entitled to $71,553.80 in pre-judgment interest calculated to the date of this order, for a total of $1,451,785.62.

## CONCLUSION

Judge Pollak's November 7, 2012 Order is affirmed. GEICO's motion for a default judgment against Yevdayev, Imaging Associates of Five Boroughs, L.L.C., and Five County Imaging Holdings, L.L.C. is granted and judgment is entered in the amount of $1,451,785.62.

**SO ORDERED**

/s/(SLT)
/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
May 21, 2014